UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DERWIN POWERS,
*Also Known as Walter D. Powers*,

    Plaintiff,

v.

BODE TECHNOLOGY LAB,

    Defendant.

Civil Action No. TDC-16-1140

**MEMORANDUM ORDER**

Derwin Powers, a prisoner confined by the Maryland Division of Correction and housed at the Maryland Correctional Institution in Hagerstown ("MCIH"), seeks to compel Virginia-based Bode Technology Lab ("Bode") to "turn over case files . . . necessary for the preparation of [his] Post-Conviction defense." Compl. at 1, ECF No. 1. Accompanying the Complaint is Powers's Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion"), ECF No. 2.

Powers initially filed his action against Bode in the United States District Court for the Eastern District of Virginia. That court declined to address Powers's IFP Motion and transferred Powers's Complaint, which it construed as a civil rights action pursuant to 42 U.S.C. § 1983, to this District. Because the record contains a financial affidavit filed by Powers in state court that indicates that he is indigent, ECF No. 2-1, the Court grants the IFP motion and permits Powers to proceed *in forma pauperis*. For the reasons set forth below, however, the case is dismissed.

On June 19, 2013, Powers was charged in the Circuit Court of Maryland for Howard County pursuant to an eight-count indictment alleging that Powers committed armed robbery and

related crimes.[1]  *State v. Powers*, No. 13K13053423 (Howard Cty. Cir. Ct. 2014), http://casesearch.courts.state.md.us/casesearch/. On August 30, 2013, Powers's attorney filed a notice of intention to introduce DNA evidence. On April 2, 2014, a jury convicted Powers of armed robbery and two related firearms offenses. On July 24, 2014, Powers was sentenced to a total of 35 years of imprisonment. After Powers appealed, the Court of Special Appeals of Maryland issued an unreported opinion on July 31, 2015 dismissing his appeal. *Powers v. State*, No. 1423, 2015 WL 5968859, at *1 (Md. Ct. Spec. App. July 31, 2015). The Maryland Court of Appeals denied Powers's petition for a writ of certiorari on November 23, 2015. *Powers v. State*, 126 A.3d 4 (Table) (Md. 2015).

In his Complaint, Powers seeks to compel a private testing laboratory to provide him with reports for use in preparing a petition for post-conviction relief pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Proc. §§ 7-101 to -109 (West 2011). In cases filed *in forma pauperis*, the Court "shall dismiss the case at any time" if the court concludes that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2) (2012). Here, the Court finds that Powers does not assert a cognizable claim in this Court.

Powers does not identify the specific cause of action under which he seeks an order for disclosure of the laboratory reports. Although the Eastern District of Virginia interpreted Powers's Motion as an action filed pursuant to 42 U.S.C. § 1983, that statute requires that: (1) the plaintiff suffered a deprivation of "a right secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, in order for Powers to

---

[1] The Court takes judicial notice of the docket entries for Powers's state court proceedings. Fed. R. Evid. 201(c)(1).

successfully assert a § 1983 claim, the defendant he names must have acted under color of state law. In this instance, however, Bode is not a state entity or official. Under certain circumstances, a private party could be considered a state actor for purposes of a § 1983 claim:

> (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.

*DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999). Here, Powers has provided no indication that Bode's testing activity was on behalf of a governmental entity. As pleaded, therefore, the Complaint fails to state a claim. *See Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir.1993).

To the extent that Powers's action could be construed as a petition seeking a writ of mandamus requiring Bode to take a specific action, he also fails to state a claim. Federal district courts have original jurisdiction of any action in the nature of mandamus to "compel an officer or employee of the United States or any agency thereof" to perform a legal obligation or duty owed to a petitioner. 28 U.S.C. § 1361. There is no allegation, or basis to assume, that Bode is a federal official or acting on behalf of one.

Finally, Powers's Complaint arguably could be construed as having been filed pursuant to a federal petition for a writ of habeas corpus, 28 U.S.C. § 2254, with the request for an order requiring Bode to produce laboratory reports having been made in furtherance of that action. Powers, however, acknowledges that he is in the process of pursuing a state petition for post-conviction relief and that the records sought are for the purpose of advancing that petition. Having failed to exhaust state post-conviction remedies, Powers cannot file a federal petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254(b), (c); *Preiser v. Rodriguez*, 411 U.S. 475, 489-

91 (1973). Because he has failed to state a federal cause of action, Powers's complaint is dismissed.

Powers's request to secure laboratory reports that may support a state petition for post-conviction relief should instead be directed to the state court in conjunction with that petition. "Federal courts may upset a State's post-conviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 67 (2009). Maryland has provided a statutory entitlement to DNA evidence in certain instances under Maryland's DNA post-conviction review statute. *See* Md. Code Ann., Crim. Proc. § 8-201; Md. Rule 4-401(b). Because Maryland law provides a mechanism by which Powers may petition to obtain DNA information, there is no basis to seek federal intervention.

Accordingly, it is hereby ORDERED that:

1. Powers's Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 2, is GRANTED;

2. This case is DISMISSED for failure to state a claim;

3. The Clerk SHALL CLOSE the case; and

4. The Clerk SHALL MAIL a copy of this Order to Powers.

Date: September 2, 2016

THEODORE D. CHUANG
United States District Judge